IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

10:06 am, 9/15/23

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Criminal No's:  L:23-PO-135-KHR |
| | L:23-PO-136-KHR |
| MITCHELL X. BAKER, | |
| Defendant, | |
| And | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | |
| STERLING R. BAKER | |
| Defendant. | |

### ORDER DENYING MONTE-LEE BAKER'S REQUEST FOR THIRD PARTY INTERVENOR STATUS AND GRANTING THE UNITED STATE'S MOTION TO STRIKE

Before the Court is Monte-Lee Baker's request for "Third Party Intervenor Status" and Motion to Dismiss with "Extreme Prejudice." Monte-Lee Baker filed the instant Motions in two separate cases: L:23-PO-135 and L:23-PO-136. These cases represent

charges against Mr. Baker's sons, Mitchell X. Baker and Sterling R. Baker, respectively. For the ensuing reasons, Monte-Lee Baker's Motions are denied.

## BACKGROUND

Both of these cases involve the same charges. Mitchell Baker and Sterling Baker are charged with trespassing on the national elk refuge in violation of 50 C.F.R. § 26.21(a) and possession of antlers on the national elk refuge in violation of 50 C.F.R. § 26.22(a). At the Initial Appearance, Mitchell Baker and Sterling Baker refused to enter a plea and a not guilty plea was entered on their behalf. A bench trial is currently scheduled for September 19, 2023, at 9:00 a.m. in both matters.

## RULING OF THE COURT

First to be addressed is Monte-Lee Baker's Request for Third Party Intervenor Status. This request does little other than ask for "Third Party Intervenor Status" and follows with a "2nd Notice." There is no explanation or analysis for what it is Monte-Lee Baker is requesting. Rather, the "2nd Notice" more aligns as a manifesto proclaiming the government has no power to enforce its own criminal laws. These arguments lack any merit and are viewed by this Court as incomprehensible and frivolous.

While the Federal Civil Rules of Civil Procedure provide an avenue for intervention through Rule 24, there is no counterpart to that in criminal proceedings and for good reason. If a person asks to intervene in a criminal proceeding, essentially that person is requesting they be charged with a crime.

The only other way the request could be construed is as Monte-Lee Baker's attempt to represent his sons as legal counsel. It is Mitchell and Sterling Baker's rights to represent

themselves pro se, but the laws of the United States allow only for a licensed attorney admitted to the jurisdiction to represent another. To the Court's knowledge, Monte-Lee Baker is not a member of any bar association or much less gone to an accredited law school. It is unlawful in Wyoming for a person to hold themselves out as an attorney when not admitted to the Wyoming state bar. Wyo. Stat. Ann. § 33-5-117. Any violation of that statute is punishable as contempt of court.

Monte-Lee Baker's Motion to Dismiss with "Extreme Prejudice" is similarly fundamentally flawed. First, the filing constitutes the unauthorized practice of law as it is made on behalf of his sons and Monte-Lee Baker is not a member of the bar or admitted to practice in this Court. Second, the Motion, even if it was considered, lacks any cognizable argument. These daft arguments offer nothing of merit deserving of consideration.[1]

## CONCLUSION

All filings of Monte-Lee Baker are stricken from the record and denied. Monte-Lee Baker is not charged in either proceeding, is not a licensed attorney authorized to practice law, and has no legally protected interest in these proceedings. The continuance of Monte-Lee Baker to formally involve himself in the legality of the proceedings against his sons may result in contempt proceedings.

Dated this 15th day of September, 2023.

Kelly H. Rankin
United States Magistrate Judge

---

[1] The Court Notes that Defendant Mitchell Baker signed this Motion along with Monte-Lee Baker. In Addition to lacking any merit, the Motion is untimely. *See* (ECF no. 9). Defendants are reminded to fully comply with all Court Orders or risk the imposition of sanctions for contempt of court.